# HEWIT v. BERLIN MACHINE WORKS.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 228. Argued April 18, 1904.—Decided May 16, 1904.

A trustee in bankruptcy gets no better title than that which the bankrupt had and is not a subsequent purchaser, in good faith, within the meaning of § 112 of chapter 418, of the laws of 1897 of New York. And as the vendor's title under a conditional sale is good against the bankrupt it is good also against the trustee.

LOREN M. HEWIT, as trustee in bankruptcy of Clara E.

Kellogg, applied to the United States District Court for the Eastern District of New York for an order of sale of certain real estate, buildings and machinery.   Notice to creditors was given, and thereafter the Berlin Machine Works, a corporation, filed its petition, praying, on grounds set forth, to be declared the owner of certain machines included in the property and be awarded possession thereof, and that they be exempted from sale, or that it be determined that the corporation is entitled to be first paid out of the proceeds of the sale of the machines and to share in dividends on any unpaid balance.   The matter was heard before the referee, who held that the corporation had lost the legal title to the machines, and must come in as an unsecured creditor.   The corporation petitioned the District Court for a review of the referee's decision, the referee made his certificate and return, and the matter was submitted to the court, which thereafter reversed the decision of the referee and adjudged that the Berlin Machine Works had a good and valid title to the machines, and that the same be delivered to it, or, in the event that they had been disposed of, that the trustee pay over to the Berlin Machine Works the sum of twelve hundred dollars, the value of the machines.   112 Fed. Rep. 52.

The trustee then filed a petition in the District Court making application for revision and review in matter of law, and appealed to the Circuit Court of Appeals for the Second Circuit from the judgment of the District Court, and the District Court ordered "that a superintendency and revision and review in matter of law and an appeal be and the same hereby is allowed in the above-entitled proceedings to the Circuit Court of Appeals, Second Circuit of the United States."   The Circuit Court of Appeals affirmed the judgment of the District Court, 118 Fed. Rep 1017, and thereupon an appeal was allowed to this court.

*Mr. Frank H. Robinson* for appellant:

There is no such provision as § 70, *a*–5, of the act of 1898,

in either the act of 1841, or act of 1867. *Youkon Woolen Co.,* 96 Fed. Rep. 326; *In re Tatem, Mann & Co.,* 110 Fed. Rep. 519; *In re Booth,* 98 Fed. Rep. 975; *In re Garcewich,* 115 Fed. Rep. 87; *In re Frazier,* 117 Fed. Rep. 746. As to *N. Y. Economical Printing Co.,* 110 Fed. Rep. 514, see *Shoe Co.* v. *Seldner,* 10 Am. B. R. 470.

The policy of the Bankrupt Act is to clothe the trustee with title as against secret titles, liens and equities and compel everybody to comply with the state statutes or lose their title, lien or equity and to give the trustee the protection which a purchaser in good faith or a creditor enjoys, and to prevent an action being brought against the trustee for conversion years after he had sold the property and distributed the proceeds as an officer of this court.

The reservation of title was void as against the bankrupt, void as against her grantee and void as against the trustee in bankruptcy.

The withholding from the files the conditional sale or failure to otherwise comply with the statute was an actual fraud upon creditors. The purpose of the statute was to prevent conditional sales from remaining unpublished. *In re Garce-wich,* 115 Fed. Rep. 87; *Frank* v. *Batten,* 49 Hun, 91; *Moyer* v. *McIntyre,* 43 Hun, 58.

*Mr. Charles M. Harrington* for appellee:

At common law a vendor of chattels may lawfully make it a condition of his sale that title to the property shall remain in him until the purchase price is fully paid, and under such a conditional sale, title will not pass to the vendee until the condition be fulfilled. 2 Kent, 12th ed. 498; Benjamin on Sales, § 320; *Ballard* v. *Burgett,* 40 N. Y. 314; *Cole* v. *Mann,* 62 N. Y. 1; *Boon* v. *Moss,* 70 N. Y. 465, 473; *Graves Elevator Co.* v. *Callanan,* 11 App. Div. 301; *Davison* v. *Davis,* 125 U. S. 90.

The common law in respect to conditional sales has been somewhat modified by statute in many of the States, without,

however, any uniformity of legislation on the subject.  *Matter of Kinat,* 2 Nat. Bkcy. N. & R. 369, and *Youkon Woolen Co.,* 96 Fed. Rep. 326, distinguished, as involving different state statutes.

Statutes changing the common law must be strictly construed, and the common law must be held no further abrogated. than the clear import of the language used in the statute absolutely requires.  *Fitzgerald* v. *Quann,* 109 N. Y. 441.

The contract that title to the moulders ordered by and delivered to the bankrupt shall remain in the manufacturers until fully paid for, is valid.

It is only purchasers in good faith who can claim the benefit of the statute.  *P. & T. S. Co.* v. *Schirmer,* 136 N. Y. 305.

The trustee in bankruptcy (the appellant here) is not a purchaser in good faith, and has no greater right to the machines in question than had the bankrupt.  2 Story's Eq. Jur. § 1228; *Winsor* v. *McClellan,* 2 Story, 630; *Greatman* v. *Savings Institution,* 95 U. S. 764; *Stewart* v. *Platt,* 101 U. S. 731; *Hanselt* v. *Harrison,* 105 U. S. 401, 406; *Chattanooga Nat. Bank* v. *Rome Iron Co.,* 102 Fed. Rep. 755; *Re N. Y. Economical Printing Co.,* 110 Fed. Rep. 514.

The Bankrupt Act of 1898 does not confer on a trustee in bankruptcy any greater rights than the bankrupt possessed, in respect to property obtained by the bankrupt under a conditional bill of sale.  *Casey* v. *Cavaroo,* 96 U. S. 467 (law of 1867); *Chattanooga Nat. Bank* v. *Rome Iron Co.,* 102 Fed. Rep. 755; *Re N. Y. Economical Printing Co.,* 110 Fed. Rep. 514; *Re Bozeman,* 2 Am. B. R. 809; *Re Garcewich,* 8 Am. B. R. 149; *Re McCay,* 1 Am. B. R. 292; section 70 (*a*) Bankruptcy Law of 1898.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

If the trustee had carried the case to the Circuit Court of Appeals on petition for supervision and revision under sec-

tion 24*b* of the bankruptcy law, the case would have fallen within *Holden* v. *Stratton*, 191 U. S. 115, and the appeal to this court would have failed. But he took it there by appeal, though accompanied by some apparent effort to avail himself also of the other method. And as the Berlin Machine Works asserted title to the property in the possession of the trustee by an intervention raising a distinct and separable issue, the controversy may be treated as one of those "controversies arising in bankruptcy proceedings" over which the Circuit Court of Appeals could, under section 24*a*, exercise appellate jurisdiction as in other cases. Section 25*a* relates to appeals from judgments in certain enumerated steps in bankruptcy proceedings, in respect of which special provision therefor was required, *Holden* v. *Stratton, supra,* while section 24*a* relates to controversies arising in bankruptcy proceedings in the exercise by the bankruptcy courts of the jurisdiction, vested in them at law and in equity by section 2, to settle the estates of bankrupts; and to determine controversies in relation thereto. *Hutchinson* v. *Otis,* 190 U. S. 552; *Burleigh* v. *Foreman,* 125 Fed. Rep. 217.

The appeal to this court then followed under section 6 of the act of March 3, 1891.

This brings us to the consideration of the case on the merits. The material facts are these: October 10, 1900, Clara E. Kellogg contracted with the Berlin Machine Works for the purchase of two wood working machines at the price of $1,850, payment to be made within four months from date of shipment, and title to the property to remain in the machine company until fully paid for. The machines were shipped to Kellogg, October 29 and November 16, respectively, and were received by her, set up in her planing mill, and put in operation. October 29 and November 16 she signed and delivered to the machine company in payment for the machines two promissory notes for $925 each, payable in two and four months from their respective dates, to the order of the machine company, and each containing the following clause:

"Title and right of possession of the property for which this note is given remains in the Berlin Machine Works until fully paid for." Kellogg, on her voluntary petition, was adjudicated a bankrupt, March 1, 1901, and a trustee was selected March 22, and thereafter duly qualified. The notes have not been paid and were mentioned in the schedules as secured claims, the security being the machines in question. It also appeared that January 21, 1901, Clara E. Kellogg, being insolvent, executed a conveyance of the planing mill to a corporation called the C. E. Kellogg Company, which being attacked as fraudulent, the property was voluntarily released to the trustee, all the capital stock of the company, the entire consideration of the alleged transfer, being surrendered to the company.

This sale was a conditional sale and the title did not pass to the vendee because the condition was not fulfilled, *Ballard* v. *Burgett*, 40 N. Y. 314; *Cole* v. *Mann*, 62 N. Y. 1, unless the statutes of New York otherwise provided. The applicable statute is section 112 of chapter 418 of the Laws of 1897, which reads as follows:

"Conditions and reservations in contracts for sale of goods and chattels: Except as otherwise provided in this article, all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by immediate delivery and continued possession of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency, shall be void as against subsequent purchasers, pledgees or mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale containing such conditions and reservations, or a true copy thereof, be filed as directed in this article."

It is admitted that the machine company did not comply with the statute until after the appointment and qualification

of the trustee, but if the trustee was not a subsequent pur-chaser, pledgee or mortgagee in good faith, the omission to file the contract of sale was immaterial. *Prentiss Tool & Supply Company* v. *Schirmer*, 136 N. Y. 305.

Did the trustee occupy the position of a subsequent pur-chaser, pledgee or mortgagee in good faith? We dismiss the pretended conveyance by Kellogg to the Kellogg Company from discussion as the District Court did, as it was attacked as fraudulent and without consideration, and was voluntarily released to the trustee, who derived no title thereby, and had none other than by operation of law.

Section 70a of the bankruptcy law provides:

"The trustee of the estate of a bankrupt, upon his appoint-ment and qualification, . . . shall . . . be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, . . . to all . . . (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

The District Court, Hazel, J., held that the reasonable con-struction of this provision was that the trustee was vested with the title which the bankrupt had to property situated as described, and not otherwise, and quoted from the opinion of the Circuit Court of Appeals for the Second Circuit in the case of *In re New York Economical Printing Company*, 110 Fed. Rep. 514, upholding that view, as follows: "The bankrupt act does not vest the trustee with any better right or title to the bankrupt's property than belongs to the bankrupt or to his creditors at the time when the trustee's title accrues. The present act, like all preceding bankrupt acts, contemplates that a lien good at that time as against the debtor and as against all of his creditors shall remain undisturbed. If it is one which has been obtained in contravention of some pro-vision of the act, which is fraudulent as to creditors, or invalid as to creditors for want of record, it is invalid as to the trustee." And the Circuit Court of Appeals, adhering to that decision,

held in this case that, inasmuch as by the New York statute a conditional sale such as that in question was void only as against subsequent purchasers or pledgees or mortgagees in good faith, the District Court was right, and affirmed the judgment.  118 Fed. Rep. 1017.

We concur in this view which is sustained by decisions under previous bankruptcy laws, *Winsor* v. *McLellan,* 2 Story, 492; *Donaldson* v. *Farwell,* 93 U. S. 631; *Yeatman* v. *Savings Institution,* 95 U. S. 764; and is not shaken by a different result in cases arising in States by whose laws conditional sales are void as against creditors.

In our opinion, these machines were not, prior to the filing of the petition, property which, under the law of New York, might have been levied upon and sold under judicial process against the bankrupt; nor could she have transferred it within the intent and meaning of section 70*a*.  See *Low* v. *Welch,* 139 Massachusetts, 33.  The company's title was good as against the trustee, who could not claim as a subsequent purchaser in good faith.

*Judgment affirmed.*