## In re BEACHY & CO.

(District Court, E. D. Wisconsin. June 7, 1909.)

1. BANKRUPTCY (§ 145*) — PROPERTY VESTING IN TRUSTEE — CORPORATIONS — RIGHTS OF ACTION AGAINST OFFICERS UNDER ILLINOIS STATUTE.

Hurd's Rev. St. Ill. 1908, c. 32, § 16, providing that "if the indebtedness of any stock corporation shall exceed the amount of its capital stock the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation," as construed by the Supreme Court of the state, gives a right of action against officers which belongs exclusively to creditors, and which is not an asset of the estate of the corporation in bankruptcy and does not pass to its trustee, but may be enforced by creditors as a secondary security independently of the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 205; Dec. Dig. § 145.*]

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 145*) — PROPERTY VESTING IN TRUSTEE — CORPORATIONS — STATUTORY RIGHT OF ACTION AGAINST OFFICERS.

Hurd's Rev. St. Ill. 1908, c. 32, § 18, which makes the officers and directors of any corporation who assume to exercise corporate powers or to use the name of the corporation before all the stock shall be subscribed in good faith jointly and severally liable for all debts and liabilities made by them in the name of the corporation, as construed by the Supreme Court of the state, is highly penal, and can be enforced only by a creditor in an action at law, the right of action being one which does not belong to the pretended corporation nor pass to its trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 205; Dec. Dig. § 145.*]

3. CORPORATIONS (§ 88*)—STOCKHOLDERS—PAYMENT FOR STOCK IN MERCHANDISE.

Under the Illinois statute it is competent for the directors of a corporation to accept merchandise in which the corporation is authorized to deal in lieu of cash in payment for capital stock, and such a transaction can only be impeached for actual fraud.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 338; Dec. Dig. § 88.*]

In Bankruptcy.   On review of decision of referee.

This is a statutory review of an adjudication made by Hon. E. Q. Nye, referee in bankruptcy, whereby the claim of Jacob Laskin against the bankrupt corporation was allowed. The objections filed by the trustee to such claim are as follows:

First. That no amount is due or owing from said bankrupt to said Jacob Laskin.

Second. That said Jacob Laskin was guilty of fraud in securing the charter for said corporation, and was guilty of violating the corporation laws of Illinois under which said corporation was formed, and that such fraud and such violations resulted in detriment to the creditors of said estate.

Third. That under section 16, c. 32, of the Laws of the state of Illinois (Hurd's Rev. St. 1908), said Jacob Laskin is liable, personally and individually, to the trustee of said estate in a sum far in excess of his alleged claim, for the reason that he consented to the creation of debts far in excess of the amount of the capital stock.

Fourth. That said Jacob Laskin is indebted to your trustee for the capital stock of said corporation that said Laskin subscribed for, and upon which he had paid but the sum of about $400.

An objection was interposed by sundry creditors, alleging preferential payments to claimant within four months of the filing of the petition. This objection was practically abandoned at the hearing.

The bankrupt is a corporation organized under the laws of the state of Illinois in October, 1906, with a capital stock of $5,000, doing business in selling furs, ladies' suits, cloaks, etc., at Green Bay, Wis. The incorporators were Jacob Laskin, of Chicago, J. W. Beachy, and A. L. Wolfson, who subscribed for the total amount of the capital stock. The corporation was adjudicated bankrupt August 31, 1908. Jacob Laskin filed a claim against the estate for $2,091.50 for money loaned, and goods, wares, and merchandise sold and delivered to the bankrupt from time to time. It is conceded that the bankrupt corporation did receive from the claimant the amount of money, goods, wares, and merchandise set forth in the claim, and that the prices charged for such goods were reasonable. So that the first objection was properly overruled by the referee. The real contest arises over the alleged fraudulent conduct of Laskin in connection with the organization of the corporation. This objection is predicated upon three sections of the Illinois statute. Section 16, c. 32, Hurd's Rev. St. Ill. 1908, reads as follows:

"If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting there-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to, shall be personally and individually liable for such excess to the creditors of such corporation."

Section 18 reads as follows:

"If any person or persons, being or pretending to be, an officer or agent, or board of directors, of any stock corporation or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation."

Section 21 reads as follows:

"If any certificate, report or statement made, or public notice given, by the officers of any corporation, shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all damages arising therefrom."

After its incorporation the bankrupt corporation engaged in the business, which it was apparently authorized to carry on, until proceedings in bankruptcy supervened.

Burke, Alexander & Burke, for trustee.
Marshutz & Burnham, for claimant.
Bloodgood, Kemper & Bloodgood, for certain creditors.

QUARLES, District Judge (after stating the facts as above). The bankrupt corporation, having had the money and goods covered by the claim, would, upon the plainest principles be estopped to raise any of the objections based upon malfeasance of the officers of the corporation, and it is difficult to see why the trustee is not affected by the same estoppel. Speaking broadly, the theory of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), is that the trustee steps into the shoes of the bankrupt, subject to the same liens, conditions, and restrictions under which the bankrupt rested. Congress enlarged the jurisdiction of the bankruptcy court to recover property, when the transfer was fraudulent or preferential, by sections 60b, 67e, and 70e. When the trustee accepts a lease, or a contract for a lease made by the bankrupt, he must assume every obligation and be bound by all the conditions that the contract imposes upon the bankrupt. Loveland (3d Ed.) p. 488.

The same rule applies to property purchased by the bankrupt on condition. It passes to the trustee subject to all such conditions and liens. Loveland, p. 491. This rule is familiar, that the title of the trustee to assets is no better than that of the bankrupt. Hewit v. Berlin, 194 U. S. 299, 24 Sup. Ct. 690, 48 L. Ed. 986; York Co. v. Cassell, 201 U. S. 350, 26 Sup. Ct. 481, 50 L. Ed. 782. It would have been impossible for the bankrupt to bring any suit to enforce the several statutory liabilities, under the Illinois law, against officers of the corporation. How, then, does the trustee succeed to any such right in the absence of any statutory authority?

The trustee by his objection sets up two statutory causes of action, based upon sections 16 and 18 of the Illinois statute, which appear in full in the statement of the case. The issue thus tendered by the trustee is to be regarded in the nature of a set-off, although not pleaded with technical accuracy. We cannot indulge a wholesale collateral attack upon the corporate existence of the bankrupt corpora-

tion to establish personal liability of Laskin as an officer thereof. It is elementary that such collateral attack cannot be sanctioned. The trustee must establish a legal or equitable cause of action based upon these statutes, with which he is invested. The question thus broadly presented is whether the trustee has any cause of action which he can advance as a set-off or defense to the claim. This requires an investigation of the statutes in question, and the construction that has been placed upon them by the highest court of Illinois.

By a long line of decisions in Illinois it has been held that section 16 is not penal, but remedial, in its nature; that it is intended to furnish creditors protection against the malversation of officers of a de jure corporation; that it is contractual in nature, and imposes upon corporate officers transgressing the law an obligation in the nature of suretyship, and that therefore it is to be strictly construed; that the effort of the statute is to provide a fund in the nature of a secondary security to which the creditors must resort; that it is peculiarly a remedy to be enforced in a court of equity in a proceeding where all the creditors may be joined, and the fund distributed according to the maxims of equity. In this respect the doctrine of Horner v. Henning, 93 U. S. 228, 232, 23 L. Ed. 879, appears to have been followed. Low v. Buchanan, 94 Ill. 76; Woolverton v. Taylor, 132 Ill. 197, 23 N. E. 1007, 22 Am. St. Rep. 521; Lewis v. Montgomery, 145 Ill. 47, 33 N. E. 880.

Under this section it has been held that only those corporate officers are liable who have by some affirmative act sanctioned the creation of the excessive indebtedness. It seems clear, therefore, that this statutory cause of action belongs exclusively to the creditors. It is a secondary security which is not an asset of the estate and does not pass to the trustee. Such a claim may be enforced by the creditor in any court having jurisdiction, quite independently of the bankruptcy proceedings. Loveland (3d Ed.) p. 494; Re Crystal Spring Bottling Co. (D. C.) 96 Fed. 945.

It is familiar that by what is known as the "bankruptcy rule" the creditor must enforce his own security and share in dividends only on the balance of his claim after making due allowance for the proceeds of such security. This doctrine is enforced, and the difference between this system and the ordinary chancery rule in marshaling assets is enforced, in Merrill v. Bank, 173 U. S. 131, 19 Sup. Ct. 360, 43 L. Ed. 640. The advantages and necessity of this rule are emphasized when we remember that the right of each creditor to avail himself of this secondary security must depend upon the peculiar facts and circumstances of each case, and cannot be considered and passed upon in a wholesale issue such as is here presented.

The construction placed by the courts of Illinois upon section 18 is radically different. It is to punish the supposed officers of a pretended corporation from masquerading as such. It is looked upon as an affront to the sovereignty of a state and a matter of public concern. It is therefore treated as highly penal in its character, and therefore a cause of action with which a court of equity cannot deal, because equity does not enforce penalties. Loverin v. McLaughlin, 161 Ill. 417, 435, 44 N. E. 99.

The distinction between the two sections is pointed out in Gay v. Kohlsaat, 223 Ill. 260, 270, 79 N. E. 77, 80, where the court say:

"The object and purpose of section 16 was to protect creditors of corporations, and we find in it no intimation of any application to a person, or an association of persons, wrongfully assuming to exercise corporate authority and thereby incurring indebtedness. By this section creditors are protected against de jure corporations where they incur indebtedness beyond their capital stock. By section 18 creditors are protected against persons contracting an indebtedness by unlawfully pretending to exercise the functions of a corporation."

The court further holds in substance that under section 18 the action must be at law, while under section 16 the action is by bill in equity.

There is no correct conception of pleading that would tolerate the joinder of these two statutory causes of action. What we have said above regarding the title of the trustee applies with equal force to the cause of action under section 18. It is a legal cause of action which can only be enforced by the creditor, and does not devolve upon the trustee.

There is also another impediment which might be suggested. If the forfeiture under section 18 is to be considered as strictly penal, it is doubtful whether the federal court can be employed to enforce penal forfeitures imposed by another sovereignty. Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239. This subject was considered and elaborately discussed by the Supreme Court in Huntington v. Attrill, 146 U. S. 676, 13 Sup. Ct. 224, 36 L. Ed. 1123, which arose under a statute substantially like section 16. It is there held that a judgment rendered upon a remedial statute in one state is entitled to the protection of the Constitution of the United States requiring full faith and credit to be given to such a judgment in other states. It is unnecessary to pursue this discussion, because the instant case must be ruled by the principles above laid down.

As to the fourth objection interposed by the trustee, that the plaintiff is indebted on his subscription to capital stock, it is familiar that such a liability is an asset of the estate and belongs to the trustee. The learned referee, after a careful examination of the evidence submitted, decides that the corporation exchanged its stock with the claimant for an amount of merchandise which the corporation was qualified to deal in, and which was a necessity in order to carry on its business; the goods and merchandise thus furnished by Laskin, together with some $400 in money, before the bankrupt corporation commenced business, exceeded the amount of his subscription; that while no formal resolution seems to have been passed accepting such merchandise in lieu of cash, still by common consent such stock in trade was so accepted by the directors, and that no fraud or collusion is proven in the premises. Under the Illinois statute it is entirely competent for the directors to accept merchandise in lieu of cash for the payment of capital stock. Where paid-up stock is issued for property received, there must be actual fraud in the transaction to render the stockholder liable. Streator Car Seat Co. v. Rankin, 45 Ill. App. 226; Davenport v. Plano Implement Co., 70 Ill. App. 162; Farwell v. Great Western Telegraph Co., 161 Ill. 522, 44 N. E. 891. Under the

authorities considerable latitude is given the board of directors of a corporation in this regard in absence of fraud or collusion. It has not been claimed that in this exchange there was any discrepancy in values, and I find nothing in the record to justify a reversal of the referee on this issue of fact.

For these reasons, the ruling of the referee must be affirmed.

I feel, however, that an opportunity should be extended to the creditors to enforce the statutory liabilities awarded to them by the law of Illinois, if they be so disposed. I therefore direct that the claim of Laskin remain in abeyance, without final allowance, for the period of 20 days, and, if during that period the creditors shall institute such proceedings under the Illinois statutes, that the final allowance of Laskin's claim be deferred until such litigation can be concluded. If, however, no such proceedings are taken by the creditors within the period of 20 days, then the Laskin claim is to be allowed by the referee in accordance with this opinion.