In re C. K. HUTCHINS CO.

(District Court, W. D. New York. May 7, 1910.)

No. 2,615.

1. BANKRUPTCY (§ 228*)—REPORT OF REFEREE—CONCLUSIVENESS.

A referee's report, on conflicting evidence, in favor of a creditor, on an issue as to whether a sale of machinery to a bankrupt was absolute or conditional, will be affirmed, in the absence of a clear showing that it was erroneous.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 199; Dec. Dig. § 228.*]

2. BANKRUPTCY (§ 140*)—CONDITIONAL SALE CONTRACT—OWNERSHIP OF GOODS.

Where there was an understanding, at the time certain machinery was delivered to the bankrupt, that it should be incumbered by a conditional sale contract, the seller's rights were not affected by the fact that the conditional contract was not signed until six months after the machinery was delivered, or that the sale was pursuant to a secret understanding between the parties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 199; Dec. Dig. § 140.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the C. K. Hutchins Company, bankrupt. On petition of creditor for delivery of certain machinery alleged to have been sold to the bankrupt pursuant to a conditional sale, and not paid for. Referee's report affirmed.

Kenefick, Cooke & Mitchell, for petitioner.
Thomas E. Lawrence, for trustee.

HAZEL, District Judge. The entire controversy hinges upon the conflicting testimony of Mr. Coupal and Mr. Hutchins. The petitioner claims that the motor and compensator were delivered and installed on the express understanding that a lease or conditional sale contract should later be executed. The trustee claims that the bankrupt declined to purchase under contract of sale, or with the understanding that title should remain in the vendor until the debt was fully paid, and, in short, that the motor was acquired by the bankrupt absolutely free from lien of any kind.

It would serve no useful purpose to specifically allude to the discrepant versions of the transaction. The referee has had the benefit of hearing the witnesses testify, and he has decided the disputed question of fact adversely to the trustee, and in favor of the petitioning creditor, holding that the sale was conditional, and that the title in fact was not to pass until full payment of the purchase price. In the absence of a clear showing that this finding was erroneous, the court must presume it to be correct. On examining the testimony, the court is unable to say that the decision on the facts is manifestly erroneous. Certainly there are circumstances which would incline the court to a similar conclusion as that reached by the referee, had the matter come before it in the first instance. That the conditional sale contract was signed by the bankrupt about six months after the motor was delivered, or that the sale was under a secret understanding with him, is of no material importance, if it is true that such understanding at the time of delivery was that the articles should be incumbered by the conditional contract.

Under the circumstances, the case is controlled by Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and New York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and not by the adjudications cited in the brief of counsel for trustee, holding that an unfiled chattel mortgage is void as against creditors.

The report of the referee is affirmed.