In re SOLA E HIJO, S. EN C.

SOLA v. CADIERNO.

(Circuit Court of Appeals, First Circuit. November 26, 1919.)

Nos. 1246, 1403.

1. BANKRUPTCY ⬅165(1), 178(1)—EVIDENCE INSUFFICIENT TO SHOW FRAUDU-
LENT TRANSFER OF PROPERTY.

Where real estate was conveyed to a partnership, on its organization,
by one of the partners, with the knowledge of his partner that he had
previously given a mortgage thereon, the fact that through his failure to
record his own deed the mortgage did not become eligible to registry, so as
to become a lien, until within four months prior to the firm's bankruptcy,
when it was recorded, in the absence of evidence that the firm was then
insolvent, the mortgage could not constitute a voidable preference, under
Bankruptcy Act July 1, 1898, §§ 60a, 60b (Comp. St. § 9644), nor was it a
transfer of property by the firm with intent to hinder or defraud creditors,
under section 67e (section 9651).

2. BANKRUPTCY ⬅440—RULING ON PETITION ASSERTING LIEN REVIEWABLE BY
APPEAL.

A petition asserting a lien on property in possession of the bankruptcy
court presents a controversy in a bankruptcy proceeding, reviewable by
appeal, and not on petition to revise.

Petition to Revise and Appeal from the District Court of the United
States for the District of Porto Rico; P. J. Hamilton, Judge.

In the matter of Sola e Hijo, S. en C., a partnership, bankrupt; Se-
gundo Cadierno, trustee. On petition by Celestino Sola to revise pro-
ceeding of the District Court with appeal by Celestino Sola from a
decree of the District Court. Petition to revise dismissed, and, on the
appeal, decree set aside, and case remanded, with directions.

Hugh R. Frances, of San Juan, Francis & De Jesus, and Joseph B.
Jacobs and Jacobs & Jacobs, all of Boston, Mass., for appellant.

Jose R. F. Savage, of San Juan, P. R., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit
Judges.

BINGHAM, Circuit Judge. [1] No. 1403 is an appeal by Celestino
Sola from a decree of the United States District Court of Porto Rico
of August 24, 1916, modifying two decrees or orders previously en-
tered by said court on October 28, 1913, and January 6, 1914, and ad-
judging (1) that the marshal of the district court of the judicial dis-
trict of Humacao pay to the trustee in bankruptcy, Segundo Cadierno,
out of the moneys derived from the sale of certain real estate, so
much thereof as will cover the proportionate shares of creditors of
the bankrupt firm of Sola e Hijo, whose credits were incurred subse-
quent to the 8th of July, 1911; and (2) that Celestino Sola pay to said
trustee out of the rents of the property paid over to him by the trus-
tee the proportionate shares therein of the creditors of said bankrupt
firm whose credits were likewise incurred subsequent to the 8th day
of July, 1911.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears that on the 24th of August, 1905, a firm by the name of Sola e Hijo was formed for a period of two years, which was later extended for a period of five years from August 19, 1907; that the partners in this firm were Marcelino Sola, the father, and Marcelino A. Sola, the son, and that forming a part of the firm's assets was a certain warehouse on Ruiz Belvis street, Caguas, Porto Rico; that on January 4, 1909, the firm of Sola, Arguelles & Co. was formed, the managing partners being Magin Arguelles and Marcelino A. Sola, and the silent partners being Marcelino Sola and Celestino Sola; that on January 25, 1910, the firm of Sola, Arguelles & Co. was dissolved, and a firm of the same name, with the same partners, except as to Celestino Sola was formed; that at the time of the dissolution of the old firm of Sola, Arguelles & Co. it owed Celestino Sola, in addition to his capital in the partnership, the sum of $7,949.72, which the new firm agreed to pay, and the payment of which was guaranteed by Magin Arguelles and the firm of Sola e Hijo jointly and severally; that on June 26, 1911, Marcelino Sola purchased from Marcelino A. Sola his interest in the firm of Sola e Hijo, and assumed the debts of the firm, and received from him a deed which, among other things, conveyed the warehouse above specified; that on July 8, 1911, the firm of Sola, Arguelles & Co. was dissolved by deed, wherein Marcelino Sola purchased the assets of the firm and assumed its liabilities, expressly binding himself to pay the indebtedness of Sola, Arguelles & Co. to Celestino Sola, which, at that time, had been reduced to $6,449.70; that on the same day, July 8, 1911, the firm of Sola e Hijo was dissolved by deed, Marcelino Sola taking the assets and assuming the liabilities of the firm; that on that day, July 8, 1911, Celestino Sola waived his claim for $6,449.70 and another claim for $2,000, then due against the firm of Sola, Arguelles & Co., the first of which had been guaranteed by Magin Arguelles and the firm of Sola e Hijo as above stated, and accepted Marcelino Sola as his debtor in the sum of $8,449.70, payable as follows: $2,149.90 in January, 1912; $2,149.90, January, 1913; $2,149.90, January, 1914; $1,000, January, 1915; and $1,000, January, 1916—and received as security therefore a second mortgage on the above-mentioned warehouse; that thereafter, on September 30, 1911, a new firm by the name of Sola e Hijo was formed, with Marcelino Sola as managing partner and Marcelino A. Sola as silent partner; that as part of the firm capital Marcelino Sola deeded to the firm the warehouse in question, which it took with full knowledge of and subject to the provisions and terms of the mortgage deed of July 8, 1911; that the mortgage deed of July 8, 1911, was presented for record in the registry of property in July of that year, but its inscription was denied, for the reason that the record title in the registry was in the name of the old firm of Sola e Hijo, the deed from that firm to Marcelino Sola, the mortgagor, not having been recorded; that on May 11, 1912, the mortgage deed was again presented for record, and inscription was denied, for the same reason; that a cautionary notice of its presentation for 120 days was taken in the registry, and the requisites were complied with, and the mortgage recorded within the time limited

by the notice; and that on May 17, 1912, the new firm of Sola·e Hijo filed a voluntary petition in bankruptcy, and on the same day was adjudicated a bankrupt. In the mortgaged deed of July 8, 1911, was the following provision:

"Eighth. It is agreed that, in case the debtor does not satisfy to the mortgage creditor at the time of its becoming due the principal of this obligation, the amount of the installment which has fallen due, until the time for the payment of the second, shall bear interest at the rate of 1 per cent. per month, and if at the time this second installment falls due, it also remains unpaid, the present deed shall be substituted for the time which still is to elapse in the mortgage, by a conditional sale of the house in favor of Celestino Sola Rodriguez, which act will be performed in a deed upon the demand which shall be made by Don Celestino Sola, who shall receive the rents of the property from the date of execution of said deed."

On February 1, 1913, none of the installments provided for in the mortgage having been paid, Celestino Sola, through a notary public, demanded from the trustee, Segundo Cadierno, the deed of sale provided for in the mortgage, and on September 4, 1913, filed a petition with the referee in bankruptcy, and procured an order directing the trustee to execute a conditional sale of the warehouse to him. On October 28, 1913, the District Court of Porto Rico, on petition for review, confirmed the order. On December 6, 1913, the referee, on motion of Celestino Sola, ordered the trustee to pay to Celestino Sola the moneys received by him as rent of the warehouse from February 1, 1913, to November 15, 1913, which order on a petition for review, was confirmed by the District Court January 6, 1914. On November 15, 1913, a deed of conditional sale was executed in favor of Celestino Sola. In the month of August, 1915, Villamil & Co., the owners of the first mortgage upon the warehouse, instituted foreclosure proceedings in the district court of Humacao, and sold the property by the marshal of the court for $4,496. After satisfying the first mortgage and the costs of sale, there remained a balance of $2,124.94 in the custody of the marshal.

On January 25, 1915, the trustee in bankruptcy filed a motion in the United States District Court, asking for a reconsideration of the orders of October 28, 1913, and January 6, 1914, for a cancellation of the conditional deed, for the return of $383 paid by the trustee to Celestino Sola as rents upon the property, for an accounting of all sums received by Celestino Sola as rents from the property after November 15, 1913, and for the payment of the same to the trustee. A rehearing was granted, and the facts above stated were found and reported by the referee, together with the further facts: That the mortgage deed of July 8, 1911, was a bona fide transaction, free from fraud, and was executed in a proper and valid manner on the date indicated in the same; that—

"a few days before the bankruptcy the mortgagee, Celestino Sola, required of his brother, Marcelino Sola, the execution of the acts necessary to cause the inscription of the mortgage in the registry of property, and this was done * * * for the purpose of perfecting Celestino Sola's lien against the property, and Celestino Sola knew of the financial situation of the firm Sola e Hijo."

In view of the report of the referee, the court, on August 24, 1916, modified its orders of October 28, 1913, and January 6, 1914, in the manner above stated.

Among his assignments of error Celestino Sola complains that the court erred in holding that his rights under the mortgage deed of July 8, 1911, were subject to the rights of creditors of the bankrupt firm whose credits were created subsequent to the date of the execution of the mortgage deed.

The question presented is the right of Celestino Sola to the balance in the hands of the marshal derived from the sale of the mortgaged property after satisfying the prior mortgage of Villamil & Co., and to the rents amounting to $383 that accrued prior to November 15, 1913, and the sums that accrued as rent thereafter.

In the court below the contention of the trustee was that the mortgage of July 8, 1911, under the law of Porto Rico, had no legal existence until it was recorded May 11, 1912, and being recorded within four months before the filing of the petition in bankruptcy was a voidable preference under sections 60a and 60b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. § 9644]). But, inasmuch as there is no finding that Sola e Hijo was insolvent on May 11, 1912, when the mortgage was recorded, this contention apparently has been abandoned, and rightly so, as we think, in view of the absence of the foregoing finding and of any evidence in the record from which we would be warranted in making such a finding.

His contention now is that under the law of Porto Rico (Civil Code, § 1776; Mortgage Law, art. 146; Hidalgo v. Garcia, 4 Porto Rico, 64), the mortgage of July 8, 1911, had no legal existence until it was recorded as above stated; that its record on that day constituted the placing of an incumbrance upon the property by the firm of Sola e Hijo, the bankrupt, within four months prior to the filing of the petition in bankruptcy with the intent and purpose on its part to hinder, delay or defraud its creditors, and was null and void as to such creditors within the meaning of section 67e of the Bankruptcy Act (Comp. St. § 9651). If, in considering this contention, it be assumed without deciding the question that under the law of Porto Rico the mortgage did not exist as a mortgage lien until recorded May 11, 1912, we are unable to see how it can be said that it was an incumbrance made or given by the firm of Sola e Hijo. The mortgage had its inception July 8, 1911, at which time the legal title to the warehouse was in Marcelino Sola. Nothing at that time remained to be done to make the mortgage a legal incumbrance upon the property but to have it recorded, and its inscription in the Registry was dependent upon the mortgagor, Marcelino Sola, first recording the deed of the property from the old firm of Sola e Hijo to him. This he failed to do until May, 1912, having in the meantime conveyed the warehouse to the firm of Sola e Hijo, which took title with full knowledge of the mortgage of July 8, 1911, and the obligation of Marcelino Sola to do the acts necessary to permit the mortgage to be recorded in the registry. Under these circumstances we do not think that the acts of Marcelino Sola, which he was in duty bound and could be compelled to do to en-

able the mortgage to be recorded, can be said to have been done with the intention on the part of the firm of Sola e Hijo to hinder, delay, or defraud its creditors, either in fact or in law, and that the mortgage cannot be held to be void under section 67e.

[2] The case is rightly here on appeal, and not on petition to revise. In it the petitioner seeks to assert a lien on property which, at the time of the bankruptcy, passed into the possession of the bankruptcy court and the avails of which, since the reversal of the orders of October 28, 1913, and January 6, 1914, are constructively in the possession of that court. It presents a controversy in bankruptcy, reviewable by appeal, and not by petition to revise. Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 48 L. Ed. 986.

In No. 1246 the petition is dismissed, but without costs to the trustee in bankruptcy.

In No. 1403 the decree of the District Court for the District of Porto Rico is set aside, and the case is remanded to that court, with directions to enter a decree for the appellant in accordance with this opinion, with costs.