## Joseph T. Ryerson & Son, Appellee, v. Thomas J. Peden et al., on Appeal of Thomas J. Peden, Appellants.

### Gen. No. 28,774.

1. Interest—*date from which computed on decree against stockholders on statutory liability for unpaid claim in bankruptcy against corporation.* Where the adjudication of complainant's claim in bankruptcy against a corporation merely fixed the amount complainant was entitled to recover and the interest which complainant is claiming is not out of the estate in the hands of the trustee but a claim it is making against stockholders pursuant to statutory authority, in a separate proceeding against the stockholders, personally, complainant is entitled to interest on the amount found due him from such stockholders only from the date of the final decree against them, not from the date of the final report of the master in the bankruptcy proceeding.

2. Corporations—*extent of stockholders' individual liability for balance of claim in bankruptcy against corporation.* In a statutory proceeding by a creditor of a bankrupt corporation to enforce the unpaid balance of its claim against the stockholders, such stockholders are liable on treasury stock not paid for in cash but taken by the treasurer as trustee for the use of all the stockholders.

Appeal by defendants from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded with directions. Opinion filed October 30, 1924.

Roy C. Merrick, for appellants.

Eric Winters, for appellee.

Mr. Justice Taylor delivered the opinion of the court.

Upon this appeal it is claimed that the chancellor erred in the allowance of certain interest, and also in decreeing that certain treasury stock held by one Albert Rentner, as trustee, should be treated as shares chargeable against the other stockholders.

The prior history of the litigation in this case is reported in 222 Ill. App. 150, and 303 Ill. 171, so it becomes unnecessary to set forth here the facts that are involved in detail.

In the opinion of the Supreme Court, certain pertinent facts are recited as follows:

"In April, 1913, a petition was filed in the United States district court to have the Illinois Architectural Iron Works adjudged a bankrupt. Daniel P. Trude was elected trustee. Appellant filed a claim of $7,222.44 against the estate. It was allowed and afterwards two dividends were paid thereon, one of 20 per cent and one of 13½ per cent, aggregating * * * $2,419.52. Nothing further has been paid. In April, 1913, the company ceased doing business, and after the above dividends were declared the trustee reported that the assets of the company were exhausted. The trustee made no attempt to collect any stock liability from the stockholders."

The decree entered on May 7, 1923, and from which this appeal is taken, contains the following:

"That complainant was a creditor of said defendant corporation, and filed a claim against it for $7,222.44, which claim was allowed on July 15, 1914; that on July 20, 1914, a dividend was paid to complainant of $1,444.49 and on November 27, 1914, a final dividend of $975.03; that the estate of said bankrupt was exhausted, and nothing has been paid since upon said indebtedness; that there was due and owing to complainant on March 17, 1919, the date of the making of said report by said Master in Chancery, a balance of $4,802.92, with interest at the rate of five per cent per annum from July 15, 1914, to March 17, 1919, amounting to $1,115.08, making the total amount due and owing to said complainant by said corporation, on March 17, 1919, $5,918, upon which amount the complainant is entitled to interest at five per cent, from March 17, 1919, to this date, said interest being $1,209.33, the total amount of principal and interest at this date being $7,127.33."

The ordering part of the decree, which fixed the total indebtedness to the complainant at the sum of $7,430.33, including interest at the rate of 5 per cent per annum on $4,802.92, from July 15, 1914 to March 17, 1919, amounting to $1,115.80 and then interest upon that total from March 17, 1919, to the date of the decree.

It is contended for the defendants that no interest was allowable from the date the claim was allowed in bankruptcy. Section 3, ch. 74, Cahill's Ill. St. 1923, provides that: "Judgments recovered before any court or magistrate shall draw interest at the rate of five (5) per centum per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment."

The liability of the defendants is not a stock or a subscription liability to the corporation, but a statutory liability, direct to the creditor, for as the Supreme Court has said in this case, "if they overvalued the property, they were liable to the creditors for such overvaluation, but not to the bankrupt corporation, or its trustee." The court further said, referring to *Seegmiller v. Day*, 249 Fed. 177, "that the liability created under this statute was personal to the creditors, one which could not be invoked by the corporation, did not become an asset of the bankrupt estate, and is not enforceable by the trustee"; and, further, quoted with approval from *In re Beachy & Co.*, 170 Fed. 825, the following: "It seems clear, therefore, that this statutory cause of action *belongs exclusively to the creditors.* * * * Such a claim may be enforced by the creditor in any court having jurisdiction quite independently of the bankruptcy proceedings."

The argument that it is the rule in bankruptcy that a claim draws no interest after it is allowed is sound

as to the estate in the hands of the trustee, for as stated in *Sexton v. Dreyfus,* 219 U. S. 339, "the creditors acquire a right *in rem* against the assets," and so it would be inequitable to allow interest after that date as to the bankrupt estate.  Here, however, the adjudication of the complainant's claim in bankruptcy merely fixed the maximum amount which it was entitled to recover, and the interest which the complainant is claiming is not out of the estate in the hands of the trustee, but a claim which it is making, pursuant to *statutory authority,* in a separate proceeding against the stockholders personally.

At the time of the bankruptcy, the stockholders' liability was not determined.  It was not then known how much would be due the complainant under the statute.  Not until the final decree was to be entered could it be known how much was due.  It is true that at the time of the bankruptcy the amount the corporation, *qua* corporation, owed the complainant was liquidated and fixed.  But that was not the debt arising by reason of the statute, and it is the latter that is here sued for.  The original debt of the corporation was the maximum of liability under the statute, but that fact could be used only as so much evidence when the court in this particular proceeding undertook to determine, that which was unknown until a final decree, what amount constituted the statutory indebtedness.  As we have said, the latter amount was not and could not be fixed at the time of the bankruptcy, it could only be determined at the end of this litigation; and it, therefore, follows, that interest is allowable on the principal sum only from the date of the decree. Our law is quite rigorous as to the allowance of interest, and it may at first thought seem something of a hardship to delay the running of interest until the debt was determined and fixed by the final decree, so many years after the bankruptcy, but responsibility for that situation is upon the legislature and not the court.  The complainant is, therefore, entitled to re-

cover $4,802.92, together with interest thereon at 5 per cent per annum, from May 7, 1923, to date.

It is contended for certain defendants that the chancellor assessed them on shares of stock for which they did not subscribe, and on which they were not liable, i. e., the 125 shares subscribed for by Rentner, treasurer of the company, as trustee.

In the opinion of the Supreme Court in this case, at page 173 [303 Ill.], the court said: "The stock was taken by the stockholders of the new company in about the same proportion as they held in the old company, except that 125 shares were not paid for in cash, which stock was called treasury stock and taken by the treasurer, as trustee, for the use of all the subscribers." That is *res adjudicata*. The claim, therefore, that the stockholders through Rentner, did not subscribe for that stock, directly or indirectly, and should not be charged with any proportion of it, is untenable. Further, even if this were an open question, the decree finds, in accordance with the allegations of the bill of complaint, that the 125 shares were issued to Rentner and held by him as trustee for the use and benefit of all the stockholders, including himself, and that each of them was and is the equitable owner of a certain portion of said 125 shares. Cook on Corporations (6th Ed.), sec. 253; *Winston v. Dorsett Pipe & Paving Co.*, 129 Ill. 64, though a suit by a stockholder, and not a creditor, supports the principle here applied.

It is our judgment, therefore, that the complainant is entitled to recover $4,802.42, and the sum of $250 (the amount of master's fees advanced by the complainant), making a total principal sum of $5,052.42, together with interest thereon, at 5 per cent per annum, from May 7, 1923, to date. The decree is reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and THOMSON, J., concur.