## In re WELLS.

## BROWN et al. v. CORNELIA BANK OF CORNELIA, GA.

(Circuit Court of Appeals, Fifth Circuit. October 27, 1925.)

Nos. 4553, 4572.

**1. Bankruptcy ☞210, 212—Bankruptcy court has jurisdiction to adjudicate through referee all claims against property surrendered by bankrupt; court may refer claims.**

Bankruptcy court has exclusive jurisdiction to adjudicate all claims against property surrendered by bankrupt, which it may do through referee.

**2. Bankruptcy ☞268—Questions affecting claim to property sold by trustee in bankruptcy held beside issue, on appeal by others than claimant.**

Where referee overruled claim to real estate, based on bankrupt's deed and directed sale, and where, after sale, daughter of bankrupt and others intervened, asserting interest on ground that their deceased mother had furnished part of purchase price, and after adverse ruling went into possession, held, on appeal from judgment granting purchaser writ of assistance, that all questions of title under deed, under which interveners did not claim, were beside the issue.

**3. Bankruptcy ☞268—Proper remedy to place purchaser of realty of trustee in bankruptcy in possession.**

Writ of assistance is proper remedy to invoke on behalf of purchaser of realty of trustee in bankruptcy, who is denied possession.

Appeal from, and Petition to Superintend and Revise Order of, the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of the bankruptcy of A. M. Wells. From a judgment of the District Court, granting the Cornelia Bank, of Cornelia, Ga., purchaser of realty from the trustee, a writ of assistance, and ordering the marshal to put it in possession, Mrs. Frank Brown and husband appeal, and present a petition to superintend and revise. Petition dismissed, and judgment affirmed.

Stephen C. Upson, of Athens, Ga. (J. B. C. Logan and S. R. Jolly, both of Homer, Ga., on the brief), for appellants.

Hamilton Kimzey, of Cornelia, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the material facts are these: One A. M. Wells was adjudicated a bankrupt and surrendered on his schedules certain real estate, including some 82 acres of land in Banks county,

Ga. The land was burdened with two deeds, one to the Columbia National Life Insurance Company, and one to the Georgia Farm Loan Company, to secure the payment of $5,000 and $10,000, respectively.

Before bankruptcy, A. M. Wells, the bankrupt, had executed and delivered to A. G. Wells a warranty deed to the 82 acres of land involved in this suit, which deed was of record. The trustee, W. S. Irwin, took proceedings before the referee to sell the land free of liens and incumbrances. A. G. Wells was a party to these proceedings, and set up his adverse title, and also claimed possession. The referee ruled against him, holding his claim was merely colorable, and that the bankrupt was in possession of the property. In due course the land was sold by the trustee under orders of the court, free of liens and was bought in by the Cornelia Bank, appellee herein. After the sale had been confirmed, appellant, Mrs. Frank Brown, who was a daughter of the bankrupt, together with other children, intervened, asserting an undetermined equitable interest in the land, on the ground that a portion of the purchase money had been furnished by their mother, who had since died.

This intervention was considered by the court and dismissed, and a deed for the land was made to the purchaser. However, when the bank sought to get possession of the land, it found that Mrs. Brown and her husband had taken possession of it after the sale and refused to vacate. Thereupon appellant filed a petition in the District Court asking for a writ of assistance. A rule nisi issued, appellants joined issue, and after a hearing before the District Court judgment was entered, directing the writ to issue, and ordering the marshal to put the purchaser in possession of the land. From that judgment this appeal is prosecuted.

Appellants also presented a petition to superintend and revise the order of the District Court complained of; but, as the case is properly before us on appeal, the petition to revise will be dismissed. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 S. Ct. 690, 48 L. Ed. 986.

[1, 2] The assignments of error all run to the rulings of the court on the claim of A. M. Wells and have no application to the judgment appealed from. Appellants contend that the referee was without authority to pass upon the validity of this deed, and therefore that the order of sale was invalid. It has been so frequently held that a court of bankruptcy has exclusive jurisdiction to adjudicate all claims against property sur-

rendered by a bankrupt, and may do so through the referee, that citation of authority is unnecessary to sustain the proposition. All questions regarding the title asserted by A. G. Wells are beside the issue in the case here presented. Appellants do not claim through him, and it is not contended that any one had notice of the equitable title they assert to the land.

[3] On the facts disclosed, the judgment of the District Court was right. The District Court had jurisdiction to put the purchaser in possession, and a writ of assistance was the proper remedy to invoke against appellants. Terrell v. Allison, 21 Wall. 289, 22 L. Ed. 634.

Affirmed.