McCAIN, Justice.
Petitioner has filed a petition for writ of certiorari seeking review of a Per Cu-riam Affirmance of a final Summary Judgment entered in the Circuit Court in Palm Beach County, Florida. We have jurisdiction pursuant to Article V, Section (3) (b)(3), Florida Constitution.
The record discloses that the respondent, Data Lease, and the petitioner, Lawrence, as president of Western Decor & Furnishings Industries, Inc., entered into negotiations whereby Western was to purchase Hotel and Apartment Supply Co. and Union Brothers Furniture, Inc. from the respondent. These negotiations resulted in the execution of an agreement to purchase stock between Western, as buyer, Data Lease, as seller, and Lawrence as an accommodating party.
A purchase agreement was signed which provided for the execution of: (1) a Security Agreement by Western; (2) a Conversion Note in the Amount of $180,000 executed on behalf of Western; and (3) *324 a Promissory Note in the amount of $150,-000 by Western, individually guaranteed by Lawrence.
The purchase agreement further provided that Data Lease agreed to use its best efforts to secure for Hotel and Apartment Supply Co. (HASCO) a loan in the amount of $250,000, secured by the accounts receivable of HASCO. The provision went on further to state that if Data Lease was not successful in obtaining the financing, the buyer, Western, would not be obligated to close the transaction.
On August 12, 1971, a closing was held and all of the aforementioned documents were executed. Later, on March 1, 1972, Western ceased making the monthly payments on the Promissory Note and Data Lease elected to accelerate payment on the Note, and commenced this action for foreclosure of its security interest.
Western and Lawrence denied that the respondent was entitled to a judgment in its favor and filed affirmative defenses alleging inter alia that:
“(iv) Despite repeated demands, the accounts receivable financing has not been either obtained or provided and, as a result thereof, there has been a failure of consideration for the two Promissory Notes sued upon and for the execution and delivery of the Security Agreement.”
Respondent filed a Reply to the affirmative defenses contending that accounts receivable financing had been obtained and accepted by the petitioners. In support thereof, respondent filed an affidavit of Fred R. Lowe, executive vice president of Data Lease, wherein he states that such financing had been made available to the petitioner. Respondent then filed a Motion for Summary Judgment.
In opposition to that Motion, petitioner filed the affidavit of Michael Lawrence in which it was stated that:
“5. The said MICHAEL LAWRENCE believed the Plaintiff and relied upon the Plaintiff’s representations and closed the transaction, on behalf of WESTERN DECOR & FURNISHINGS INDUSTRIES, INC., and issued his personal guarantee, based upon such reliance, despite the fact that the accounts receivable financing had not been completed, . . (Emphasis supplied)
Petitioner first contends that the trial court erred in granting Summary Final Judgment in that there exists a genuine issue of material fact as to whether accounts receivable financing had been made available as required by the initial purchase agreement.
The pertinent provision of the contract only required that such financing be made available to the buyer.
From the affidavit of Lawrence it is apparent that such financing had been made available to the buyer but that transaction had not been completed, a distinction of significant bearing. The Purchase Agreement between Data Lease and Lawrence merely required that Data Lease use its best efforts to secure accounts receivable financing and not that the financing be completed prior to the time of closing.
Therefore, the seller, Data Lease, had fulfilled the obligation of the contract and the trial court correctly ruled, in the absence of a denial by Lawrence that financing had been tendered, that there was no genuine issue of material fact, and properly entered Summary Final Judgment. Thus the issue of whether Data Lease used its best effort to secure the financing became moot in the face of uncontested tendered financing. See: Tollius v. Dutch Inns of America, Inc., 244 So.2d 467 (Fla.App.1970).
The petitioner next questions whether the trial court erred in failing to credit Lawrence with all or any part of $58,018.16 net cash received from the sale of HAS-CO’s personal property obtained subsequent to entry of an order of sale.
*325 The record and the respondent’s addendum to the record show that after the funds were received from the liquidation sale of HASCO’s personal property, the Federal Bankruptcy Court intervened. However at that time, the ultimate disposition of this suit was pending.
 It is a well settled rulg that the status of a claim in a bankruptcy proceeding is determined as of the time when the petition in bankruptcy was filed. Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915). In this case, when the property was transferred to the Bankruptcy Court, the trustee (if assigned) took title subject to all liens and encumbrances which were valid against the bankrupt under the state or federal law. See: Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928).
The Circuit Court herein was bound to make such a determination of those priorities within the framework of the pending litigation; for it was the intent of Congress in passing the Bankruptcy Act to protect all liens, whether arising by contract or by statute from legal proceedings before bankruptcy. See: Hewit v. Berlin Machine Works, 194 U.S. 296, 24 S.Ct. 690, 48 L.Ed. 986 (1904).
It was therefore incumbent upon the Circuit Court herein to determine the rights of the parties with respect to the $58,018.16 realized from the sale of HAS-CO’s personal property ordered and executed by judicial sale prior to the institution of bankruptcy proceedings.
Thus the right to share in the distribution of the $58,018.16 vested in the petitioner prior to the intervention of the Bankruptcy Court. Once those funds were paid into the registry of the Circuit Court, jurisdiction was properly vested therein and such a determination of Lawrence’s rights was proper.
This cause is therefore reversed and remanded with directions to determine whether Lawrence is entitled to a set-off as to any or all of the $58,018.16.
It is so ordered.
ADKINS, C. J., and BOYD and OVER-TON, JJ., concur.
DEKLE, J., concurs in part and dissents in part with opinion.