In re CORBETT.

(District Court, E. D. Wisconsin. November 17, 1900.)

BANKRUPTCY—TRANSFER OF PROPERTY TO ATTORNEY—UNEXECUTED AGREEMENT.

An agreement by an insolvent debtor, made after the filing of a petition in involuntary bankruptcy against him and in contemplation of the filing of a voluntary petition, that his attorney should take certain goods in payment for his services, where there was no actual delivery or change of possession until after the adjudication upon the voluntary petition, did not constitute a transfer of the property, within the meaning of Bankr. Act, § 60d, and the goods, having been removed after such adjudication and while they were in custodia legis, must be restored to the trustee.

In Bankruptcy. On review of findings and order made by the referee, on application for an order to require the attorney for the bankrupt to turn over certain goods taken from the stock under claim of security or payment for services.

Carter & Pedrick, for creditors.
John S. Rountree, for bankrupt.

SEAMAN, District Judge. The material facts, as found by the referee and supported by the testimony, are these: After the filing of a petition by creditors for involuntary bankruptcy the attorney for the bankrupt stated that he would take for his services the goods upon certain shelves in the store, the bankrupt either assenting or not refusing, and advised the filing of a voluntary petition in bankruptcy. Such petition was thereupon filed by the bankrupt,—with schedules wherein the goods so selected by the attorney were invoiced as of the value of $100, and held for attorney's fees,—and adjudication was entered thereupon. The goods were not removed until after adjudication, but before the appointment of a trustee. The briefs submitted upon one side and the other discuss a question which is not involved in the present controversy,—whether the voluntary petition was rightly filed, and displaced the creditors' petition through the adjudication. Nor is it material to determine the effect of section 60d upon a payment or transfer perfected thereunder. These facts are undisputed: (1) That the alleged transaction occurred after the filing of the petition against the debtor; and

(2) that there was no actual delivery or change of possession to make a lien or transfer effective before the res was brought within the jurisdiction of the court. Consequently no transfer was made within the meaning of the provision referred to, and, the property having been removed when in custodia legis, possession must be restored. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183. If lien were asserted, it could be enforced only through an application to the court; but it is not apparent how it could exist under the facts stated, or be essential to an allowance of reasonable fee, under section 64b. The order of the referee denying the application of the trustee for restoration of the property in question is disapproved, with direction to grant an order as prayed.