In re ROSE SHOE MFG. CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 168.

1. BANKRUPTCY (§ 440*)—APPELLATE PROCEEDINGS—MODE OF REVIEW.

An order of a court of bankruptcy directing the turning over of money or property by a third person to a trustee cannot be reviewed by appeal under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), a petition for revision under section 24b being the only remedy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 116*)—ADMINISTRATION OF ESTATE—POWERS OF COURT.

Where property which has come into the possession of a receiver in bankruptcy as a part of the bankrupt's estate has been taken from his possession, by an adverse claimant, either with or without his consent, the court of bankruptcy has power to protect its possession by summary order requiring the return of the property, or its proceeds if sold, and jurisdiction to adjudicate with respect to all claims thereto.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

Appeal from the District Court of the United States for the Western District of New York.

Adler & Adler, for appellant.

Walter S. Hubbell (John A. Barhite, of counsel), for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is an appeal from an order of the District Court reversing a summary order of a referee in bankruptcy directing the Alliance Bank, of Rochester, N. Y., to turn over to the trustee of a bankrupt estate $1,171.73, being the proceeds of a sale of certain shoes alleged by the trustee to have been a part of such bankrupt estate and to have been unlawfully taken from the receiver of said estate by said bank.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At the outset it is apparent that the case comes to this court in an improper way. An order directing the turning over of property or money by a third person to a trustee is not an order which can be reviewed by appeal under section 25a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]). It is not (1) an adjudication of bankruptcy, (2) a grant or denial of a discharge, or (3) a judgment allowing or disallowing a debt or claim; the latter term applying only to debts presented for proof against estates in bankruptcy. First National Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051; Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116; In re Whitener, 105 Fed. 180, 44 C. C. A. 434. A petition for revision is the only remedy.

As, however, the appellee has made no objection to the present method of procedure, and as the assignments of errors in connection with the findings present the questions of law to be considered as adequately as would a petition for revision, we have concluded to treat the case as if brought here by petition. In re Russell & Birkett, 101 Fed. 248, 41 C. C. A. 323; In re Abraham, 93 Fed. 767, 35 C. C. A. 592. But we shall not consider our action a precedent in any case where objection is made.

The following is a summary of the essential facts: In April, 1907, a receiver in bankruptcy was appointed for the Rose Shoe Manufacturing Company, who forthwith entered upon the discharge of his duties and took possession of the bankrupt's shoe factory at Rochester and all the merchandise therein. A part of such merchandise consisted of boots and shoes which had been sent out by the bankrupt to fill orders and had been returned. A considerable quantity sent out before the appointment of the receiver was returned afterwards, and was accepted by the receiver and the bankrupt. Some time after the appointment of the receiver the Alliance Bank, without his consent, took the said returned merchandise, sold it for $1,171.73, and retained the proceeds. This action of the bank was in pursuance of a claim of ownership. Accounts for boots and shoes sold had been assigned by the bankrupt to the bank as collateral security for indebtedness, and the bank claimed that the returned merchandise which had been included in such accounts belonged to it. The assignment from the bankrupt to the bank in terms embraced only the accounts, and no other assignment was executed.

Upon these facts the referee found that the proceeds of the sale of the shoes should be returned by the bank to the trustee in bankruptcy. The District Court, however, held that the action of the referee was erroneous, upon the ground that the bank had an adverse claim to the returned shoes, that the bankrupt had possession of them only as agent of the bank, that the bank was the lawful owner of the shoes, and that the referee had no jurisdiction to make the order in question.

It is clear that the returned merchandise came into the actual possession of the receiver as a part of the bankrupt's property. Whether or not it was separated from other merchandise is not material, and it is not found by the referee that it was separated. It was in the factory of the bankrupt, and no legal action was necessary upon the part

of the receiver to retain possession. On the other hand, legal action would have been necessary on the part of the bank to obtain possession if it had not been surrendered by the receiver's employé. And, being in the custody of the receiver, the merchandise was in the possession of the bankruptcy court, which had the right, when such possession was disturbed, to regain it by summary proceedings and to adjudicate with respect to all claims concerning the property.

In Whitney v. Wenman, 198 U. S. 539, 552, 25 Sup. Ct. 778, 781, 49 L. Ed. 1157, the Supreme Court said:

"We think the result of these cases is, in view of the broad powers conferred in section 2 of the bankrupt act, authorizing the bankrupt court to cause the estate of the bankrupt to be collected, reduced to money and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties when necessary for the complete determination of a matter in controversy, that when the property has become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held by him or for him, jurisdiction exists to determine controversies in relation to the disposition of the same and the extent and character of liens thereon or rights therein."

See, also, White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183.

Of these two cases, the Supreme Court said in Murphy v. Hofman (decided January 4, 1909) 29 Sup. Ct. 157, 53 L. Ed. ——:

"The last two cases cited proceed upon and establish the principle that when the court of bankruptcy, through the act of its officers, such as referees, receivers, or trustees, has taken possession of a res as the property of a bankrupt, it has ancillary jurisdiction to hear and determine the adverse claims of strangers to it, and that its possession cannot be disturbed by the process of another court."

Although the referee has found that the bank took the merchandise from the possession of the receiver without his knowledge or consent, yet if it be assumed that the receiver voluntarily turned it over, still the bankruptcy court was not deprived of jurisdiction. The receiver had no authority to turn over the property. As also said in Whitney v. Wenman, page 553 of 198 U. S., page 781 of 25 Sup. Ct. (49 L. Ed. 1157):

"The court had possession of the property, and jurisdiction to hear and determine the interests of those claiming a lien thereon or ownership thereof. We do not think this jurisdiction can be ousted by a surrender of the property by the receiver, without authority of the court."

Nor does the fact that the bank sold the shoes change the situation. The proceeds stood in their place. The court had power to direct the turning over of such proceeds to the trustee. In First National Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, the Supreme Court said:

"The sale in the circumstances did not change the situation. The proceeds stood in the place of the property, and the order returning the proceeds was equivalent to an order returning the property."

The petition merely prayed for, and the referee only entered, an order for the surrender of the proceeds of the sale of the merchandise to the trustee. No questions of title, rights, or equities have been

litigated. These questions can be determined in proper proceedings in the bankruptcy court after the present order has been complied with.

The decision of the District Court is reversed.