In re HAMIL.

(District Court, W. D. New York. June 14, 1916.)

1. SALES ⊂⟝474(2)—CONDITIONAL SALES—VALIDITY.
   Unrecorded contracts for conditional sale of goods and chattels where title is reserved in the seller are not void in New York as against creditors, Personal Property Law N. Y. (Consol. Laws, c. 41) § 62, making such contracts, unless filed as required, void only as against subsequent purchasers, pledgees, or mortgagees in good faith.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. ⊂⟝474(2).]

2. BANKRUPTCY ⊂⟝140(1)—TRUSTEE—RIGHT OF.
   A trustee in bankruptcy, though representing general creditors, occupies no different position with respect to a conditional sale than the bankrupt would have occupied had not bankruptcy intervened, and he cannot disturb the effect of a conditional sale to the bankrupt.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ⊂⟝140(1).]

3. BANKRUPTCY ⊂⟝140(1)—CONDITIONAL SALES—VALIDITY.
   Claimant sold plows to the bankrupt under an agreement that they should be paid for by notes, but that title and ownership should remain in claimant until the whole purchase price was fully paid. The contract also provided that in case of death, failure, insolvency, loss by fire, or the bankrupt's disposal of his business, all obligations arising under the contract should become due and payable at once. Held, that as the contract prevented resale of the plows by the bankrupt until payment, the reservation of title was not fraudulent, and on bankruptcy, the plows not having been paid for, claimant was entitled to them as against the bankrupt's trustee.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ⊂⟝140(1).]

In Bankruptcy. In the matter of the bankruptcy of William W. Hamil. Claim by the John Deere Plow Company of Syracuse. On review of decision of special master, denying the claim. Decision reversed.

Costello, Burden, Cooney & Walters, of Syracuse, N. Y., for petitioner.

Louis B. Shay, of Brockport, N. Y., for trustee.

HAZEL, District Judge. The stipulation of facts filed herein, in so far as material, shows that on November 13, 1913, the bankrupt agreed in writing that certain plows and other articles purchased by him from the petitioning creditor, the John Deere Plow Company of Syracuse, should be paid for by promissory notes, but that title and ownership of said articles should continue and remain in the vendor

⊂⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

until the whole purchase price was fully paid in cash. The bankrupt defaulted in payment in the amount of $698.25, with interest from December 1, 1914. At the time of his adjudication he had in his possession several of the plows and other articles specified in the agreement, which the petitioning creditor now seeks to reclaim from the trustee.

[1-3] The two questions principally considered by the special master were: First, whether the agreement constituted a contract of conditional sale, reserving title in the vendor until full payment of the purchase price; or, second, whether the contract constituted a sale, transferring title to the buyer with a lien over upon the articles to the vendor. He held that the contract was void under the doctrine of In re Garcewich, 8 Am. Bank. R. 149, 115 Fed. 87, 53 C. C. A. 510, and was a fraud upon the creditors of the bankrupt, and, assuming the contract to have been given as a lien for the debt, he concluded that it was void pursuant to section 230 of the Lien Law of the state of New York (Consol. Laws, c. 33), and that accordingly the rights of the trustee herein were superior to those of the petitioning creditor.

In the Garcewich Case, supra, the agreement considered by the court substantially stated that the goods were sold with the understanding that title and ownership of such portion of the goods as remained unsold should continue in the vendor until the payment of the purchase price. Judge Wallace, who wrote the opinion for the Circuit Court of Appeals, thus stated the law:

"It is the settled law of this state that personal property may be sold and delivered under an agreement for the payment of the price at a future day, and the title by express agreement remain in the vendor until the payment of the purchase price. In such a case the payment is strictly a condition precedent, and until the performance the title does not vest in the buyer. It is one of the exceptional cases in which the law tolerates the separation of the apparent from the real ownership of chattels when the honesty of the transaction is made to appear. But when the purpose for which the possession of the property is delivered is inconsistent with the continued ownership of the vendor, the transaction will be presumed fraudulent as against purchasers and creditors."

The facts of the present case are clearly distinguishable from those of the Garcewich Case. Here, the phrasing of the agreement does not indicate a right of resale. At first I was of the opinion that the contract permitted resale of the goods before payment of the promissory notes given to secure the purchase price, but I now think the contract is, with greater reason, open to the inference that the parties contemplated full payment for the plows and other articles purchased before their resale, and the reservation of title in the vendor until such payment. If this construction of the contract is correct, there obviously is no inconsistency therein by reason of the provision relating to the continued ownership by the vendor until full payment of the purchase price. Contracts for the conditional sale of goods and chattels, where title is reserved in the vendor, are not void in this state as against creditors (Cole v. Mann, 62 N. Y. 1); and Personal Property Law, art. 4, § 62, in terms makes such con-

tracts, unless filed in accordance with the recording provision of the act, void only as against subsequent purchasers, pledgees, or mortgagees in good faith. It is silent as to the invalidity of unrecorded contracts of conditional sale as against creditors.

The trustee in bankruptcy occupies no different position than the bankrupt would have occupied if bankruptcy had not intervened; he is not vested with any greater right in the plows or other articles in question in the possession of the bankrupt at the time of the adjudication than the bankrupt had, and he cannot disturb or alter the force and effect of the existing conditional contract. In re Kellogg, 112 Fed. 52, affirmed sub nom. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986.

Nor was the transaction open to the attack that the parties contemplated a resale of the articles, with a lien reserved to the vendors. The case of John Deere Plow Co. v. Mowry, 222 Fed. 1, 137 C. C. A. 539, is not controlling, for there the contract was of necessity determined by the law of Michigan, and, besides, it appears that in that case the parties clearly understood that the goods were to be resold by the vendee, with a lien attaching to the proceeds of the sale. In the present case there is nothing in the stipulation of facts to indicate that the business relations of the petitioning creditor and the bankrupt were such as to justify the inference that the articles were to be resold without the purchase price first being paid, or that the petitioning creditor knew that the contract was inconsistent in that respect with the dominant provision thereof, namely, that title should not pass until the goods were fully paid for. It is true, one of the provisions of the conditional sales contract under discussion states that in the event of death, failure, insolvency, loss by fire, or disposal of the business, all obligations arising under the contract shall become due and payable at once, but no inference of an intention to resell with the consent of the vendor regardless of payment follows from this. The contract makes no specific reference to the purchase price, and, standing alone, it does not indicate, to my mind, that the express reservation of title amounted to a chattel mortgage, or other instrument requiring recording as a condition of validity as against creditors.

Importance was attached to a somewhat similar agreement in the Mowry Case, supra, including a provision that in case of death the full purchase price should mature, but in that case the dominant feature was the permission to resell the goods, which was regarded by the court as inconsistent with the provision reserving title. However this may be, the case of Cole v. Mann, supra, apparently holds that in the state of New York conditional contracts reserving title are good, even though there is an intention to resell the property purchased, although such reservation may, no doubt, not infrequently bear on the bona fides of the transaction. But it is unnecessary further to discuss the question, as I think the contract of conditional sale with which we are herein concerned was valid as against creditors, and was unaffected by actual or implied fraud or dishonesty of purpose.

The decision of the special master is reversed.