## In re SMITH et al.

District Court, W. D. Washington, S. D.
January 22, 1927.

No. 5565.

**Bankruptcy ⟨⟩288(4)—Receiver or trustee has right to be restored by summary order to possession of property taken from his possession.**

When a receiver or trustee takes possession of property which was in possession of bankrupt, his possession is that of the court, and must be respected. If taken from him, he has the right to have it restored, and to stand on the defensive in any litigation respecting ownership.

In Bankruptcy. In the matter of Charles W. Smith and Guy Dunning individually and as partners doing business as Smith & Dun-

ning, bankrupts. On review of referee. Reversed.

Miller, Wilkinson & Miller, of Vancouver, Wash., for claimants.

William B. Layton, of Portland, Or., for trustee.

CUSHMAN, District Judge. The referee's certificate shows:

" * * * The petition for adjudication in bankruptcy was filed in the above court on the 24th day of August, 1926, order of adjudication was entered August 25, 1926. On the same day D. J. Finn was appointed temporary receiver by the referee. On September 8, 1926, D. J. Finn was elected by the creditors trustee of the above estate and qualified as such. On September 21 (September 1), 1926, while acting as trustee (receiver), D. J. Finn petitioned the referee to lease certain personal property of the estate, a part of which property as represented was two motor trucks, said motor trucks at that time and for a long time previous were covered by two separate conditional sales contracts, said trucks being the property of Austin B. McCoy, as McCoy Auto Company, and in possession of the bankrupts at Vantage Ferry, Wash.; that said trucks were taken into possession by D. J. Finn as trustee (receiver); and remained in his possession up to and including September 8, 1926, the date of his appointment as trustee in this matter; the conditional sales contracts were regular in every way, having been given in due course of business and regularly filed under the laws of the state of Washington."

On the 9th of September, 1926, the claimants, without order of the court and without knowledge or permission of the receiver or trustee, took into their possession said trucks. Thereafter the trustee petitioned the referee for an order directing the return of the two auto trucks to Vantage Ferry, Wash., that being the place where they had been taken possession of by claimants, and for an order directing claimants to show cause why their action in taking possession of said trucks should not be certified by the referee to the District Judge for the necessary proceedings for contempt.

The claimants, McCoy Auto Company and Austin B. McCoy, answered, not denying the taking of the trucks as alleged, after they had been taken possession of by the receiver. Claimants set out in their answer the conditional sales contracts under which, they allege, the trucks had been sold to the bankrupt, Smith, allege a breach by the

bankrupt in each contract, and notice of forfeiture given the bankrupt and temporary trustee [receiver] of these defaults, and their election to take immediate possession and terminate the contracts.

Claimants cite: Winton Motor Carriage Co. v. Broadway Auto Co., 65 Wash. 650, 118 P. 817, 37 L. R. A. (N. S.) 71; Holt Mfg. Co. v. Jaussaud, 132 Wash. 667, 233 P. 35, 38 A. L. R. 1312; Peterson v. Chess, 92 Wash. 682, 159 P. 894; Collier on Bankruptcy (11th Ed.) pp. 1117, 1118, 1119, 1145; In re Taub (C. C. A.) 4 F.(2d) 993; Brooks v. American Lumber Co., 162 Minn. 220, 202 N. W. 818; Bryant v. Swofford Bros., 214 U. S. 279, 29 S. Ct. 615, 53 L. Ed. 997; Guarantee Bond & Mortg. Co. v. Hilding (C. C. A.) 290 F. 22; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782; In re Seward Dredging Co. (C. C. A.) 242 F. 225; In re Wright-Dana Hardware Co. (C. C. A.) 211 F. 908; In re Hamil (D. C.) 236 F. 292; Hewit v. Berlin Machine Wks., 194 U. S. 296, 24 S. Ct. 690, 48 L. Ed. 986; In re American Steel Supply Synd. (D. C.) 256 F. 876; Stowe v. Birmingham Trust & Sav. Co., 161 Ga. 403, 131 S. E. 44; Cassidy v. E. M. T. Coal Co., 204 Ky. 278, 264 S. W. 745; Starr et al. v. Govatos (Del. Super.) 130 A. 392; Christopherson v. Harrington, 118 Minn. 42, 136 N. W. 289, 41 L. R. A. (N. S.) 276.

Trustee cites: General Order No. XXVIII; Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Murphy v. Hofman, 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Galbraith v. Robson et al. (C. C. A.) 216 F. 843; In re Schoenfield (D. C.) 190 F. 60; In re Rose Shoe Mfg. Co. (C. C. A.) 168 F. 41; In re Landis (D. C.) 151 F. 898; In re Antigo Screen Door Co. (C. C. A.) 123 F. 252; In re Corbett (D. C.) 104 F. 873; In re Gibbs (D. C.) 103 F. 782.

The referee, in his decision denying the trustee the relief prayed by him, was evidently influenced by the fact that the allegations of the answer as to the conditional sales contracts, defaults, and notice were not placed in issue by any reply of the trustee. In this I am of the opinion the referee erred. The trustee has a right to re-establish possession, and to stand upon the defensive in any litigation over the trucks. When a receiver or trustee, as an officer of the court, for the protection of all interests, takes into his possession property in possession of the bankrupt, all must respect that possession; for it is the court's possession, and the court and its officers are not to be deprived of such possession, except by order of the court, for the taking over of possession and control of property by the court, for the benefit of all interests, is the very purpose for which a receiver or trustee is appointed.

The order of the referee, denying the prayer of the trustee's petition for the return of the trucks, is overruled. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; In re Corbett (D. C.) 104 F. 872; In re Rose Shoe Mfg. Co. (C. C. A.) 168 F. 41; General Order No. XXVIII.

The parties not having been heard upon the portion of the prayer of trustee's petition for a finding that claimants were in contempt, there will be no order in that regard, but jurisdiction will be retained of that phase of the litigation until further order of the court.