In the Matter of BARGAIN CITY, U.S.A., INC., a corporation.

No. 27505.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1962.

**112**

David Berger and Lewis Kates, Philadelphia, Pa., for Consolidated Sun Ray.

Howard R. Moore, Jr. and A. John May, Jr., Duane, Morris & Heckscher, Philadelphia, Pa., for Blauner's and Hybla Valley Development Corp.

Wexler, Mulder & Weisman, By M. E. Maurer, Philadelphia, Pa., for The Joscar Company.

WOOD, District Judge.

Consolidated Sun Ray, Inc., Hybla Valley Development Corp., and Blauner's, Inc., applied for and received restraining orders directed against Joscar Co., which were granted until December 17, 1962. Counsel were advised that we would hold further hearing on that date and make a determination whether to vacate the restraining orders or to issue a preliminary injunction.

The Court, after hearing and before the obtaining of a transcript due to the urgency of the situation, adopts the findings of fact submitted by Consolidated Sun Ray, Inc., Hybla Valley Development Corp., and Blauner's, Inc., petitioners, and concludes that they are supported by the testimony, arguments and statements of counsel adduced at the hearing on vacation of the restraining orders and/or issuance of a temporary injunction.

### FINDINGS OF FACT

1. Consolidated Sun Ray, Inc. is the successor corporation to Sun Ray Drug Company.

2. Blauner's, Inc. is the owner and holder of all of the stock of Hybla Valley Development Corp.

3. On January 29, 1959, Sun Ray Drug Co. and Hybla Valley Development Corp. leased from The Joscar Company, a limited partnership, premises situate in Lee Magisterial District, Fairfax County, Virginia.

4. On January 29, 1959, Blauner's, Inc. executed a document in which it agreed in part to guaranty: "the full performance, payment and observance of all covenants * * *" of Hybla Valley Development Corp. in connection with the aforementioned lease.

5. On January 29, 1959, The Joscar Company granted Sun Ray Drug Co. and Blauner's an option to purchase substantial acreage of land adjacent to the leased premises in Lee Magisterial District, Fairfax County, Virginia, at a stated price per acre, said option to remain effective until July 31, 1966. This option further provided that there "shall have been a full and complete performance of all of the terms, covenants and conditions of a certain lease made by The Joscar Company, as landlord, and Sun Ray Drug Co. and Hybla Valley Development Corp., as tenants dated January 29, 1959, which lease is being executed simultaneously herewith."

6. On January 29, 1959, the said lease and option were assigned by petitioners herein to Bargain City, U. S. A., Inc. debtor, with the consent and joinder of The Joscar Company.

7. On January 29, 1959, Bargain City, U. S. A., Inc., debtor, assigned the said lease, in turn, to its wholly-owned subsidiary, Bargain City, U. S. A., Inc., a Delaware corporation, the debtor corporation agreeing that "this assignment shall not in any manner operate to release or discharge * * * [Debtor] * * * from its liability for full performance and observance of all of the terms, covenants and conditions, to be performed under the lease."

8. The assignment to Bargain City, U. S. A., Inc., a Delaware corporation, was solely for the convenience of the debtor corporation, the said debtor corporation continuing to act as lessee from and since January 29, 1959 to the present, and the said lessor, The Joscar Company looking solely to the debtor corporation as its lessee from and since January 29, 1959.

9. The debtor has a substantial claim against The Joscar Company arising out of a failure by the said Joscar Company to complete payment of all monies due debtor in connection with the construction of the building at Hybla Valley, Virginia. The said monies are an asset of the debtor corporation.

10. On October 18, 1962, debtor corporation instituted bankruptcy proceedings in this Court for an arrangement under Chapter XI of the Bankruptcy Act. Said proceedings embrace and apply to debtor's subsidiaries including Bargain City, U. S. A., Inc., a Delaware corporation.

11. Prior to the institution of the said bankruptcy proceedings, the Joscar Company instituted suit jointly against the debtor corporation, Consolidated Sun Ray, Inc., Hybla Valley Development Corp. and Blauner's in the state courts of Virginia, Circuit Court of the County of Fairfax, Law Number 11279. Said suit was for rent under the lease for the period of October 1, 1962 to December 31, 1962.

12. On October 26, 1962, with neither notice to nor consent of any of the defendants therein, including debtor, The Joscar Company filed a non-suit withdrawing and discontinuing the said law suit in the State Courts of Virginia.

13. On November 2, 1962, The Joscar Company instituted suit in the United States District Court for the Eastern District of New York against Consolidated Sun Ray, Inc., Hybla Valley Development Corp. and Blauner's seeking to recover rent on the said leased premises for the period October 1, 1962 to December 31, 1962.

14. Motions to dismiss this suit in the Eastern District of New York are presently outstanding. The said motions were to be heard on December 12, 1962. On December 3, 1962, The Joscar Company filed an order in that court to show cause not only why the motions to dismiss should not come on for hearing on December 5, 1962, rather than the scheduled hearing date, but why the therein defendants should not be compelled to pay into that court, prior to any adjudication on the merits, the full amount claimed by The Joscar Company.

15. The amount claimed by The Joscar Company against Consolidated Sun Ray, Inc., in the suit in the District Court for the Eastern District of New York is for rent due on the premises occupied and used by debtor as lessee in possession. The said claim is for rent first for the period October 1, 1962 to October 17, 1962, which is prior to the date when bankruptcy proceedings under Chapter XI were instituted by debtor, and second for the period October 18, 1962 to December 31, 1962.

16. From and after October 18, 1962, the debtor has remained in possession of the said leased premises. From and after October 22, 1962, the said leased premises being operated by Receivers of the debtor, said Receivers having been appointed by this Court on October 22,

1962. The said lease has not been disaffirmed.

17. From and after the institution of bankruptcy proceedings by debtor and from and after appointment of receivers, the Joscar Company has been demanding from debtor and its Receivers payment for use and occupancy of the said leased premises.

18. Set-offs, counterclaims and defenses in favor of debtor and against The Joscar Company, which said set-offs, counterclaims and defenses may be in total or partial obviation of any claims by the said lessor, adequately cannot be presented in any suit in which debtor is not a party.

19. Debtor's asset, its interest in the option to purchase land owned by The Joscar Company, will adversely be affected by the suit instituted by The Joscar Company against Consolidated Sun Ray, Inc. and others in New York under the lease dated January 29, 1959, and unless the debtor is a party thereto its rights cannot be fully or adequately protected.

20. Debtor's assets include leasehold interests in nine properties located in Pennsylvania, New Jersey and Virginia, all of which were leased by Consolidated Sun Ray, Inc. and others and subsequently assigned and transferred to Debtor.

21. All nine leaseholds, including the premises of The Joscar Company, are and have been operated by debtor as a tenant in possession, and since debtor filed its petition for an arrangement under Chapter XI of the Bankruptcy Act, the leased premises have been used and occupied by the debtor and its Receivers.

22. None of the said leases have been disaffirmed by the Receivers.

23. Landlords of debtor, in New Jersey, Pennsylvania and Virginia, including Thriftmart, Inc., The Joscar Company, Garden State Discount Mart & Auction Company and Bristol Farmers Market & Auction Co. have threatened and have attempted to proceed by suit and by legal process in other than in this Court against Consolidated Sun Ray, Inc., Blauner's, Inc., and others to recover accelerated rent for entire terms extending over periods of years, to recover rent for the period in which the premises is being used and occupied by debtor through its Receivers, and to confess judgment for entire terms extending over periods of years, as the case may be.

24. Consolidated Sun Ray, Inc., Blauner's, Inc., and others cannot assert fully or adequately debtor's interests in any and all set-offs, defenses and counterclaims debtor has or may have against the lessors in any suits in which debtor is not a party, all to the great prejudice harm and irreparable injury of debtor.

25. Consolidated Sun Ray, Inc., and Blauner's, Inc. are substantial creditors and concessionaires of debtor in debtor's shopping center operations and since the institution of proceedings for an arrangement under Chapter XI of the Bankruptcy Act have continued to be such concessionaires and have extended themselves substantially by providing inventories of merchandise and monetary advances necessary to maintain and continue debtor's operations pending its aforesaid bankruptcy arrangement.

26. Debtor could not maintain or continue its operations pending submission of a satisfactory arrangement under Chapter XI of the Bankruptcy Act unless Consolidated Sun Ray, Inc. and Blauner's, Inc. are able to provide necessary inventory and finances for debtor's operations.

27. Consolidated Sun Ray, Inc., Blauner's, Inc., and others will be unable to continue to provide debtor with necessary inventory and finances so as to enable debtor to continue its operations pending submission of a satisfactory fair and feasible arrangement, if compelled by legal action or process other than that emanating from this Court to defend, and if liable, to pay out sums allegedly due said landlords, including The Joscar Company.

28. Debtor is threatened with imminent harm and irreparable damage by The Joscar Company suit because said litigation will prevent continuation of debtor's operations as a going concern, and effectively prevent consummation of

a fair and feasible arrangement for all the creditors, including The Joscar Company.

29. Consolidated Sun Ray, Inc., Blauner's, Inc., and Hybla Valley Development Corp., as creditors and/or concessionaires of debtor, are threatened with imminent harm and irreparable damage by The Joscar Company, suit because their interest as creditors in the consummation of a fair and feasible arrangement is jeopardized, and because their position as concessionaires of debtor requires the continued, effective management of debtor's affairs.

## CONCLUSIONS OF LAW

1. This Court has the jurisdiction and power to determine this dispute between third parties, and this Court has jurisdiction to issue an effective injunction beyond its territorial limits to restrain The Joscar Company's suit in New York, because the continuation of this suit will impair the exclusive jurisdiction of the bankruptcy Court and prevent the adoption of any plan of arrangement.

Central States Corp. v. Luther, 215 F. 2d 38 (10 Cir., 1954), In re International Power Securities Corp., 170 F.2d 399 (3 Cir., 1948), Reconstruction Finance Corp. v. Riverview State Bank, 217 F.2d 455, 459 (10 Cir., 1955), In re Burton Coal Co., 126 F.2d 447 (7 Cir., 1942).

2. This Court sits as a Court of Equity and is guided by equitable principles except when they are inconsistent with the bankruptcy act.

3. Continuation of The Joscar Company's New York litigation will impair the debtor's property rights in that the debtor's option to purchase certain of Joscar's realty is conditioned on the debtor's observance of the terms and conditions of the very lease upon which Joscar is basing its suit.

4. The Joscar Company's suit is for rental monies which it alleges are due on a property where Bargain City, U. S. A., Inc., is the exclusive tenant in possession. Therefore, this litigation necessarily involves a monetary judgment of debtor's responsibility for use and occupation. Such a determination is peculiarly within the jurisdiction of the bankruptcy Court.

5. The liability of Consolidated Sun Ray, Inc., Blauner's, Inc. and Hybla Valley Development Corp. to The Joscar Company, if any, under the lease can only be determined after the bankruptcy Court fixes the responsibility of the debtor, which is an indispensable party, for use and occupation of the premises, since the debtor has not disaffirmed the lease and has remained in possession of the leased premises.

6. The immediate effect wrought by The Joscar Company's suit would be to seriously embarrass and prevent the formulation of a successful arrangement for creditors, for without control over the debtor's primary assets, i. e., its various leases, the presentation of a satisfactory plan might as well be abandoned. Therefore, the imminent harm and irreparable injury threatened by such a suit calls for continuance of this Court's restraining orders.

7. The jurisdiction of this Court, in these Chapter XI proceedings, embraces assets of the debtor wherever situate and the determination of all controversies in relation thereto. In re International Power Securities Corp., supra.

8. A court of bankruptcy, taking jurisdiction of insolvent estates and thus coming into possession of the res, may draw unto itself the determination of all controversies relating to any part thereof, including problems in connection with a lease of premises in the exclusive possession of the debtor, or an option whose value as an asset of the debtor depends upon performance of the terms and conditions of such a lease. In re International Power Securities Corp., supra, and In re Gunder, 88 F.2d 284 (7 Cir., 1937).

9. A creditor may not, through the device of instituting proceedings in

another forum, negate the jurisdiction of this Court over property of the debtor or take away from that Court the jurisdiction to determine the amount of debts of any creditor who is entitled to share in any plan of reorganization that the Court may approve. First National Bank in Houston, Texas v. Lake, 199 F.2d 524 (4 Cir., 1952).

 10. Petitioners, as creditors, concessionaires and participants in these Chapter XI proceedings, have the necessary standing to invoke the jurisdiction of this Court. Reconstruction Finance Corp. v. Riverview State Bank, supra.

11. While the petitioners are not the debtor, they are inextricably bound in this proceeding and they have joined in and acquiesced in all the legal and factual issues presented to this Court.

12. Under the unusual circumstances of this case, there is no adequate remedy at law and the debtor and the petitioners are threatened with imminent harm and irreparable injury by the continuation of The Joscar Company litigation in the United States District Court for the Eastern District of New York.

13. The Joscar Company is not threatened with imminent harm or irreparable injury, since its claim for rental monies can be adequately adjudicated in the instant proceedings.

14. The Joscar Company should be enjoined preliminarily from proceeding to assert its claims, if any, under its lease of the premises in Fairfax County, Virginia in any forum other than this Court.

## PRELIMINARY INJUNCTION

1. The Joscar Company is enjoined from instituting any action in this District or in any other Court based on the lease and option covering the leasehold premises found to be in the possession of the debtor in the Lee Magisterial District, Fairfax County, Virginia, until February 4, 1963, or until further order of this Court, and are further enjoined from issuing process, executing on any judgment, or instituting or prosecuting any legal action which would in any way

affect the validity of the aforesaid lease and option.

2. In the event that the debtor, Bargain City, U. S. A., Inc., a corporation, in Receivership under the provisions of Chapter XI of the Bankruptcy Act, as amended, is adjudicated a bankrupt, and it is determined by this Court or the Referee that no plan of reorganization is feasible prior to February 4, 1963, then the petitioners, the debtor, or Joscar Company may forthwith apply to this Court for termination of this injunction and any other relief which the circumstances may warrant.

3. The injunctive relief granted herein shall inure to the benefit of not only Consolidated Sun Ray, Inc., but also Hybla Valley Development Corp. and Blauner's, Inc.

4. Petitioner Consolidated Sun Ray, Inc. shall post bond in the sum of $5000.-00 and petitioners Hybla Valley Development Corp. and Blauner's, Inc. shall, respectively, post bond in the sum of $1000.00.