**In the Matter of Herman RUBIN, individually and Herman Rubin, as surviving and liquidating partner of Rubin's Pastries, a partnership.**

**No. 28768.**

United States District Court
E. D. Pennsylvania.
June 14, 1965.

---

Goldberg & Koss, Philadelphia, Pa., for bankrupt.

Erwin L. Pincus, Philadelphia, Pa., for John Reber Baking Corp.

Melvin Lashner, Adelman & Lavine, Philadelphia, Pa., for receiver.

Edward Cohen, Cohen & Novack, Philadelphia, Pa., for respondents.

Meyer E. Maurer, Wexler, Mulder & Weisman, Philadelphia, Pa., for Creditors' Committee.

Leo Doyle, Philadelphia, Pa., for First Pennsylvania Banking & Trust Co.

DAVIS, District Judge.

The above captioned debtor, Herman Rubin, filed a Petition for Arrangement under Chapter XI of the Bankruptcy Act on February 23, 1965. On that same day, this Court appointed Frank E. Gordon, Esquire, Receiver for the Debtor's property. At the time of filing the Petition for Arrangement, the debtor was in the wholesale pastry business. The debtor would purchase pastries from various suppliers and resell these pastries to retail outlets through driver-salesmen. The debtor would purchase the pastries from the supplier at a discount and they would then be resold at retail prices by the driver-salesmen to established customers on established routes. Notice of the appointment of the Receiver was given to the driver-salesmen and to the suppliers of the debtor by the attorney for the creditor petitioning for the appointment. John Reber Baking Corp., a creditor-supplier and the driver-salesmen also had notice of the appointment of the Receiver in that the driver-salesmen and the general manager for John Reber Baking Corp. and its counsel were present before this Court in an informal hearing following the appointment. Thereafter, for approximately one week, the Receivers [1] ran the debtor's business by purchasing from John Reber Baking Corp. its daily supply of pastries and turning them over to the driver-salesmen who in turn

---

1. A co-receiver, Norman Klauder, was appointed by the Court at a later date so that co-receivers were running the business of the debtor.

sold them to the retail customers on the established routes.

These business dealings were then terminated between John Reber Baking Corp. and the Receivers. Subsequently, the Receivers filed a Petition for a citation for contempt, wherein the Receivers alleged that John Reber Baking Corp. is selling directly to the driver-salesmen and circumventing the Receivers' operation of the debtor's business.

To the Receivers' Petition for a contempt citation Motions to Dismiss by John Reber Baking Corp. and the driver-salesmen were heard by the Referee and granted on the ground that this Court lacks jurisdiction over the person of the defendants because of the lack of service of process of the Order appointing the Receiver and further that no property of the debtor was involved in the Petition.

It cannot be argued that established routes of a wholesale distributor with established retail customers are not property and therefore not an asset of the debtor's estate. Indeed counsel for the respondents to this Certificate for Review admitted at oral argument that established routes were property, an intangible asset of any distributing business. Therefore when the Petition for Arrangement was filed with the debtor in possession of this business, constructive possession of this intangible property vested in this Court whether or not there was any dispute as to the ownership of this property (routes). Once having acquired possession, actual or constructive, there is a sufficient basis of jurisdiction in the bankruptcy court to determine the right to such property in a summary proceeding. Central Republic Bank & Trust Co. v. Caldwell, 58 F.2d 721 (8th Cir.1932).

This intangible property, the established routes of retail customers, is property in the constructive possession of the bankruptcy court. The Referee's finding that no property of the debtor was involved in the petition for a contempt citation is rejected. Where property once in the custody of the bankruptcy court is removed, return of the property may be summarily ordered without a trial of title; that issue may be tried later when and if the alleged owner seeks to reclaim. White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183 (1900). In re Rose Shoe Manufacturing Co., 168 F. 39 (2nd Cir.1909); Gamble v. Daniel, 39 F.2d 447 (8th Cir.1930); In re Smith, 18 F.2d 797 (W.D.Wash.1927).

The jurisdiction of the bankruptcy court to take summary action regarding the debtor's property rests on possession, actual or constructive, of the property involved. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924). Once jurisdiction attaches, it is not lost by the fact that later on possession of the property passes to strangers without Order of the Court and while bankruptcy proceedings are still active. It is immaterial how the change of possession has come about, the jurisdiction continues and the Court has summary power to order return of the property. The filing of the bankruptcy petition has the effect of an attachment and injunction and the property is in custodia legis. Whitney v. Wenman, 198 U.S. 539, 25 S.Ct. 778, 49 L.Ed. 1157 (1905); Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208 (1911).

Under Section 311 of the Bankruptcy Act, 11 U.S.C.A. § 711, the Court in which the Chapter XI Petition is filed has exclusive jurisdiction of the debtor and his property, wherever located. It follows therefore, that the filing of the Petition is a caveat to all the world that the petition is in effect an attachment and an injunction and that the possession of the debtor's property has become vested in the bankruptcy court. Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405 (1902); Clay v. Waters, 178 F. 385 (8th Cir.1910); In re Mitchell, 278 F. 707 (2nd Cir.1922).

The Order appointing a Receiver contained an ex parte Order enjoining and restraining all persons from inter-

fering with the property of the debtor which was then in the actual or constructive possession of the Receiver. This Order of Injunction was not only in personam but also operated in rem to prevent interference with or the invasion of the property rights of the debtor. It was broad enough in its terms to enjoin all persons from interfering with the property in custodia legis and was sufficient as a public record to impart constructive notice to all. Converse v. Highway Construction Co. of Ohio, 107 F.2d 127 (6th Cir.1939).

It is well established law that whoever unlawfully interferes with property in the possession of the Court, is guilty of contempt and it is equally settled that whoever unlawfully interferes with officers and agents of the Court in the full and complete possession and management of property, is guilty of contempt. Ex parte Tyler, Petitioner, 149 U.S. 164, 13 S.Ct. 785, 37 L.Ed. 689 (1893).

In the case of Converse v. Highway Construction Co. of Ohio, supra, which involved a corporate reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, wherein the appellants were held in contempt of court for interfering with the operation of the debtor's business which was in the constructive possession of the Bankruptcy Court, the Court of Appeals stated at page 130 of 107 F.2d:

> "As we view the case, the question of the injunction is immaterial. The rule is applicable under a 77B proceeding that when the petition is approved by the court and it continues the officers of the corporation in possession of the property, it is in the custody of the court and it is not competent for any person to interfere with the possession of the corporate officers without first obtaining its consent. We consider this rule of such importance to the interest and safety of the public and the administration of justice that it should be inflexibly maintained on all occasions."

> "Its application imposes no undue hardship. In the present case appellants could have applied to the court to be heard on any just ground of complaint or for the establishment of any right they had in the premises. (Citations omitted). Under such circumstances, the rule is inapplicable that in order to charge a person with contempt for violating an injunctive order of the court, actual notice or knowledge of it must be brought home to the violator. This conclusion is based upon a familiar doctrine applicable to proceedings in bankruptcy courts. If this exception were not recognized, endless delays would be encountered to the great detriment of litigants and others interested in the expeditious administration of bankrupt estates."

Section 77B of the Bankruptcy Act, 11 U.S.C. § 207, has been incorporated by the Chandler Act of 1938 in Chapter XI proceedings, as in the instant case.

In the case of In re Quick Charge, Inc., 69 F.Supp. 961 (W.D.Okla.1947), Judge Vaught, after an extensive review of authority, made the following conclusions:

> "First. That under the Chandler Act the court is vested with exclusive jurisdiction of the debtor, his property and the operation of debtor's business in reorganization proceedings in bankruptcy, upon the approval of the petition.

> "Second. That in the exercise of that exclusive jurisdiction, the court is vested with the power to issue all writs necessary to protect that jurisdiction against all willful and unauthorized interference from any source that would defeat or impair that jurisdiction.

> "Third. That the court, in such reorganization proceedings, has not only the power, but is charged with the duty to determine all questions respecting such interference.

> "Fourth. That the rights of all parties, in any manner interested,

are suspended and subordinated to the jurisdiction of the court during the reorganization period, and that the court is in complete and exclusive control of the debtor, his assets and his business during such period, and that any willful and unauthorized interference by any person or from any source that may defeat or impair the purposes of the statute is a contempt of court and is punishable as such."

The Quick Charge case was a corporate reorganization under Chapter X of the Bankruptcy Act, but the reasoning and authority are equally applicable to a Chapter XI proceeding, since Section 311 of the Bankruptcy Act, 11 U.S.C.A. § 711, gives this Court exclusive jurisdiction over the debtor, his property and his business, wherever located.

The Certificate for Review of the Referee's Dismissal of the Petition for contempt citation is therefore granted, and the Order of the Referee dismissing the petition will be overruled. This matter will be remanded to the Referee for a hearing on the merits of the Receivers' Petition for a contempt citation after which the Referee shall certify to this Court its findings on the merits.

The argument that this Court lacks the power of extraterritorial service of process is likewise rejected. A necessary concomitant power of this Court is extraterritorial service of process, where a petition under Chapter XI has been filed and section 311 of the Bankruptcy Act gives this Court jurisdiction over all property of the debtor wherever located. See: Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. R. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L. Ed. 1110 (1935); In re Greyling Realty Corp., 74 F.2d 734 (2nd Cir. 1935); 8 Collier on Bankruptcy 3.03 (14th Ed.). See also: United States v. Tacoma Oriental S. S. Co., 86 F.2d 363 (9th Cir. 1936).

The Receivers have also taken a Certificate of Review of an Order of the Referee dismissing their petition for an accounting and damages against John Reber Baking Corp. This petition alleged in substance the same facts as in the petition for contempt and asked for an accounting for the lost profits to the Receivers and for damages to the property of the debtor in the custody of the Receivers. The Referee dismissed the petition on the same grounds that he dismissed the petition for a citation for contempt. For the reason stated above, the Certificate of Review will be granted and the order of the Referee dismissing the petition will be overruled. This matter will be remanded to the Referee to be considered after the Referee has had an opportunity to hold a hearing on the petition for citation for contempt. See: In re Bargain City U. S. A., Inc., 212 F. Supp. 111 (E.D.Pa.1962) for discussion of bankruptcy court's jurisdiction to determine controversies involving property in its possession.

The attorney for some of the creditors has filed two certificates of review on their behalf involving the Referee's allowing the claims of John Reber Baking Corp. and the driver-salesmen to be voted for the stand-by trustee and the Referee's approval of the controller of John Reber Baking Corp. to be Chairman of the Creditors Committee. In view of the fact that the Court has overruled the dismissal of the petition for a contempt citation, these certificates of review will be granted and the election of a stand-by trustee set aside and the approval of the Creditors Committee set aside, so that the Referee may have the opportunity to determine whether or not John Reber Baking Corp. and the driver-salesmen have been guilty of contempt and if so, whether or not such contemptuous conduct would bar an officer of John Reber Baking Corp. from being Chairman of the Creditors Committee or having their votes count in the election of a stand-by trustee, where objections to their claims have been filed.

The final Certificate of Review before this Court is brought by the debtor from the Referee's denial of a stay of proceedings requested by the debtor in order to delay filing his plan of arrangement pending the final disposition of the

petition for citation for contempt. Since the debtor has filed his plan of arrangement and this Court had entered a stay order, this Certificate of Review will not be discussed on the merits, but will be dismissed as moot.